Alexander James Taylor, Esq.
**Sulaiman Law Group, Ltd.**
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARI MAR P. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT,<br><br>Defendant. | Case No. **'23CV0156 TWR MSB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.*<br><br>2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

**NOW COMES** MARI MAR P. SANCHEZ ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT, ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and

1

violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law RFDCPA claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of California, a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of California, and Plaintiff resides in the Southern District of California.

## PARTIES

4.  Plaintiff is a natural person over 18-years-of-age who resides in El Cajon, California.

5.  Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).

6.  Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines into California for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7.  Defendant's principal place of business located at 906 SE Everett Mall Way, Everett, Washington 98208.

FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the conduct giving rise to this cause of action, in or around July 2021, Plaintiff co-signed an apartment lease with a friend.

9. Soon after, Plaintiff's friend ("Jayessel") advised the apartment complex that Plaintiff did not reside at the apartment and that her name should be removed from the lease.

10. Jayessel terminated the aforementioned lease early and moved out of the apartment complex in early 2022.

11. Jayessel requested the amount he owed to the apartment complex as he had terminated the lease early, but was never responded to.

12. In October 2022, Defendant began calling Plaintiff attempting to collect an amount owed for the terminated apartment lease ("subject debt").

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5572.

12. At all times relevant, Claimant's number ending in 5572 was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

13. At all times relevant, Claimant was financially responsible for her cellular telephone equipment and services.

14. Plaintiff answered a telephone call from Defendant to her cellular phone and advised Defendant's representative that (1) she did not live at the apartment complex in question; (2) she was not responsible for the subject debt; (3) she did not wish to receive any further calls from Defendant; and (4) to call her friend Jayessel.

15. Failing to understand Plaintiff's situation and abide by her wishes to cease calling her cellular phone, Defendant has continued to call her in an attempt to collect on the subject debt.

16. Plaintiff had no choice but to submit to Defendant's harassing collection call campaign.

17. From October 2022 through the present, Defendant has placed numerous calls to Plaintiff's cellular phone after she initially requested that the collection calls cease.

18. Defendant has mainly used the phone number 425-669-9555 to place harassing phone calls to Plaintiff's cellular phone, but upon information and belief, it may have used other phone numbers to attempt to contact Plaintiff.

19. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further harassment to her and her family.

## DAMAGES

20. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq*.)

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in alleged default. 15 U.S.C. §1692a(6).

27. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its

unlawful debt collection practices.

### a. Violations of FDCPA §1692c

31. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and acknowledging that Plaintiff did not want to receive phone calls, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

32. Furthermore, the volume of calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

33. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA §1692d

34. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she wanted the calls to cease.

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt with the intent to annoy, abuse, or harass Plaintiff.

6

Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 2022 through the present day.

### c. Violations of FDCPA §1692f

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect a debt by continuously calling Plaintiff after Plaintiff demanded that the calls cease. Placing voluminous phone calls after becoming privy to the fact that these calls were unwanted and unconsented to is unfair and unconscionable behavior.

37. Defendant had enough information to be aware that Plaintiff did not want to be contacted. Nevertheless, it persisted with its phone call campaign despite knowing that its conduct was inconvenient and harassing to Plaintiff.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls.

39. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

40. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, Mari Mar Sanchez, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

42. Claimant restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Claimant is a "person" as defined by Cal. Civ. Code §1788.2(g).

44. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §1788.2(d) and (f).

45. Respondents are "debt collector(s)" as defined by Cal. Civ. Code §1788.2(c).

**a. Violations of RFDCPA §1788.11(e)**

46. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

47. Respondents violated the RFDCPA when it continuously called Claimant's cellular phone after she informed them that she wanted the calls to cease. This repeated behavior of systematically calling Claimant's phone despite her

8

demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Claimant would make a payment. The frequency and volume of calls shows that Respondents willfully ignored Claimant's pleas with the intent of annoying and harassing her.

48.  Upon being told to stop contacting Claimant, Respondents had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Respondents consciously chose to continue placing phone calls to Claimant's cellular telephone.

**WHEREFORE**, Plaintiff, Mari Mar Sanchez, respectfully requests that this Honorable Court:

  b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code §1788.30(a);
  d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code §1788.30(b);
  e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code §1788.30(c); and
  f. Award any other relief as this Horobale Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 27, 2023                               Respectfully submitted,

                                                      /s/ Alexander J. Taylor
                                                      Alexander J. Taylor, Esq.
                                                      Sulaiman Law Group, Ltd

|   |   |
|---|---|
| 1 | |
| 2 | 2500 S. Highland Ave, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181<br>ataylor@sulaimanlaw.com<br>*Counsel for Plaintiff* |
| 3 | |
| 4 | |